UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KAREN P. COLEMAN,

    Plaintiff,

    v.                                                                          Case No. 2:25-CV-475-GSL-APR

TRADEWIND SERVICES,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on the Motion to Remand Case Back to Lake County Court [DE 7] filed by Plaintiff, Karen P. Coleman, on November 3, 2025. Defendant, Tradewind Services, filed its Response [DE 8] on November 14, 2025. Plaintiff has not filed a reply and the time to do so has now passed. For the following reasons, the Motion [DE 7] is **GRANTED**.

### *Discussion*

Plaintiff, an Indiana resident, initiated this case in the Circuit Court of Lake County, Indiana on September 22, 2025. [DE 3]. Plaintiff's Complaint alleges that Defendant, an Indiana Corporation, discriminated against her based on a disability in violation of Title I of the Americans with Disabilities Act and Indiana state law. [DE 3]. Defendant was properly served in this matter on September 29, 2025. [DE 1].

Then, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendant removed the case to this Court on October 14, 2025. [DE 1]. On November 3, 2025, Plaintiff filed the instant Motion to Remand [DE 7], requesting that the Court remand this matter back to state court. Specifically, she argues that "[t]his lawsuit is based on state disability rights laws … I amend the complaint to remove all federal claims." [DE 7].

Defendant's response to Plaintiff's request, while not necessarily in opposition, is twofold. Defendant argues that without her federal claim, Plaintiff's Complaint must be dismissed because the Indiana Civil Rights Act ("ICRA") does not create a private cause of action. [DE 8 at 1]. But, at the same time, it acknowledges that "this is an argument for another motion … [and] [i]f this Court takes Plaintiff at her word and finds that she is pursuing her claim under ICRA, Defendant has no objection [to remand]." [*Id*. at 3].

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Sarauer v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 10*, 966 F.3d 661, 668 (7th Cir. 2020) (holding that "[a] motion to remand must be granted if the case removed from state court could not have been brought in federal court originally for lack of subject-matter jurisdiction").

In making her request to remand this matter back to state court, Plaintiff has represented that she is withdrawing her ADA claim against Defendant and is proceeding on a state law theory only. Therefore, since there is no federal claim remaining in this matter, and noting no objection by Defendant, the Court no longer has subject matter jurisdiction over this case making remand necessary.

## *Conclusion*

For these reasons, the Court **GRANTS** Plaintiff's Motion to Remand [DE 7] and **REMANDS** this matter to the Circuit Court of Lake County for further proceedings. This case is now closed.

SO ORDERED.

ENTERED: December 17, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court

2